UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONNIE MARSHALL                                                                           PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:04-CV-612-S

MARCIA HALL-CRAIG,
Director of EEOC, Louisville Area Office, et al                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants to dismiss the complaint (DN 11). The plaintiff, Connie Marshall ("Marshall"), filed this suit against the EEOC and four of its employees: Marcia Hall-Craig, Director of the Louisville office; Alan Anderson and Edward Bagley, Investigators in the Louisville office; and Cari Dominguez, an official in the Washington, D.C. office (collectively, the "defendants"). Marshall alleges that the defendants have violated 18 U.S.C. §§ 241, 242, 1505, 1510, 1512 and 1621, 42 U.S.C. § 1986, Title VII and the 14th Amendment. For the reasons set forth below we will grant defendants' motion to dismiss by a separate order entered this date.

## DISCUSSION

In resolving a motion to dismiss, the court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)(citation omitted). Therefore a court may only grant the motion when "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir.

2001). We conclude that Marshall has failed to state a claim under any of the statutes or constitutional provisions named in the Complaint. We consider each in turn.

**TITLE 18**

Marshall alleges that the defendants violated 18 U.S.C. §§ 241, 242, 1505, 1510, 1512 and 1621. Marshall seeks that the defendants be incarcerated for the violation of these federal laws. However, "[a] private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch." *Hermansen v. Chandler*, 2000 U.S. App. LEXIS 8684 (6th Cir. 2000); see also United States v. Nixon, 418 U.S. 683, 693, 41 L. Ed. 2d 1039, 94 S. Ct. 3090 (1974). Therefore, Marshall's claim, insofar as it calls for the criminal prosecution of the defendants, under Title 18, will be dismissed.

**42 USC § 1986**

42 U.S.C. § 1985 "create[s] a cause of action against those who conspire to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution, and § 1986 ... makes actionable the failure to prevent 'any of the wrongs conspired to be done' under § 1985." *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). In this action, Marshall has not alleged a violation of Section 1985, instead she has only alleged a violation of Section 1986. Section 1986 claims are "dependent upon the existence of a valid § 1985 cause of action." *Id*. "[S]ince § 1986 contains no substantive provisions and was enacted only to enforce § 1985," we will dismiss the complaint insofar as it alleges violations of 42 U.S.C. § 1986. *Saunders v. Ghee*, 1995 U.S. App. LEXIS 4830 (6th Cir. 1995).

**TITLE VII**

Marshall also alleges violations of Title VII.  The EEOC, under Title VII, 42 U.S.C. §§ 2000e - 2000e-17, is the "federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, noncoercive fashion." *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 368 (U.S. 1977).  Marshall alleges that after making complaints to the EEOC, the defendants: (1) failed to discuss her complaints before dismissing them; (2) changed the charges numerous times, making them less accurate; (3) suppressed evidence; (4) knew her employer's attorney; and (5) did not interview witnesses.

> When the EEOC fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a de novo lawsuit against his employer in the district court.  The complainant has no cause of action against the EEOC to challenge its processing of a claim.

*Verboom v. Department of Defense*, 1993 U.S. App. LEXIS 20221 (6th Cir. 1993) (citation omitted).  Therefore, we will dismiss the complaint insofar as it alleges violations of Title VII..

**14th AMENDMENT**

"The first section of article 14 of the amendments to the Constitution of the United States prohibits any state from passing any law whereby any citizen shall be deprived of life, liberty, or property without due process of law." *American Loan & Trust Co. v. Grand Rivers Co.*, 159 F. 775, 778 (U.S. Court of Appeals, 1908).  "By its very terms, the Fourteenth Amendment can be violated only by conduct that may be fairly characterized as 'state action.'" *Forbes v. Reno*, 893 F. Supp. 476, 483 (D. Pa., 1995) (citation omitted).  Nothing in the complaint suggests that state action was involved here, and Marshall even admits that "her case against the EEOC is not based on due process."  Therefore, Marshall's 14th Amendment claims will also be dismissed.

## CONCLUSION

For the reasons stated above we will grant the defendants' motion to dismiss.  A separate order will be entered herein this date in accordance with this opinion.